IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOHN GALEN TALSMA                                                                                PLAINTIFF

v.                                                              CIVIL NO. 20-5201

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                                  DEFENDANT

## MEMORANDUM OPINION

Plaintiff, John Galen Talsma, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

Plaintiff protectively filed his current applications for DIB and SSI on March 23, 2018, alleging an inability to work since February 13, 2018, due to a liver tumor; liver disease; diabetes; peripheral neuropathy; problems with his ankle, knee, shoulder, back, hand and wrist; and a heart condition. (Tr. 83, 245, 247). A telephonic administrative hearing was held on March 23, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 48-81).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

By written decision dated May 18, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 19). Specifically, the ALJ found Plaintiff had the following severe impairments: diabetes mellitus; obesity; peripheral neuropathy; depressive disorder; anxiety disorder; ischemic heart disease/pericarditis; and status-post myocardial infarction (MI) with stenting. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the individual can frequently climb ramps and stairs but occasionally climb ladders, ropes, and scaffolds. The individual can frequently balance, stoop, kneel, crouch, and crawl. The individual can frequently, but not constantly, handle and finger bilaterally. The individual can frequently reach overhead with the left, non-dominant upper extremity. The individual can tolerate occasional exposure to extreme workplace heat or cold, and occasional exposure to workplace vibration. The individual can perform simple, routine tasks that can be learned in 30 days or less. The individual can tolerate occasional changes to workplace routines and processes.

(Tr. 21-22). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a mail clerk, a small parts assembler, and an office cleaner I. (Tr. 36-37).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied the request on September 24, 2020. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 20, 21).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff argues the following point on appeal: the RFC determination lacks substantial evidence because the ALJ failed to incorporate limitations in the RFC from the opinion of Scott Alvord, Psy.D., which the ALJ found persuasive. (ECF No. 20, p.2). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 21). The Court has reviewed the entire transcript and the parties' briefs.

The Court notes that an ALJ "is not required to adopt all limitations proposed by a doctor, even if that doctor's opinion is accorded significant weight." *Cannady v. Colvin*, No. 4:14-CV-00372-NKL, 2015 WL139762, at *5 (W.D. Mo. Jan. 12, 2015). As the Eighth Circuit has explained, an ALJ need not "mechanically list and reject every possible limitation." *McCoy v. Astrue*, 648 F.3d 605, 615 (8th Cir. 2011). In determining Plaintiff's RFC, the ALJ discussed the opinion of Dr. Alvord, a consultative examiner, that Plaintiff had moderate difficulty in several areas of functioning, but no difficulty performing simple and repetitive tasks. The ALJ also pointed out that during the time period in question, Plaintiff was repeatedly noted to have a normal mood,

affect, judgement, memory, and cognition. During this time period, the record revealed that Plaintiff was able to take care of his personal needs, help care for his family, prepare meals, drive, shop, and do some construction work with a friend. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole the Court finds Plaintiff failed to meet his burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F. 3d 1086, 1092 (8th Cir. 2012)(burden of persuasion to demonstrate RFC and prove disability remains on claimant).

For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 9th day of December 2021.

/s/   *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE